```
                  UNITED STATES DISTRICT COURT
                   DISTRICT OF MASSACHUSETTS
```

|  |  |
|---|---|
| MARGARET SZEWCZYK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | NO. 20-10435-WGY |
| ) | |
| MAXON PRECISION MOTORS, INC., ) | |
| MAXON MOTORS AG, ) | |
| CHRISTOPHER BLAKE, ) | |
| MARTIN ZIMMERMANN, and ) | |
| EUGEN ELMIGER, ) | |
| ) | |
| Defendants. ) | |

YOUNG, D.J.                                                    June 26, 2020

**MEMORANDUM AND ORDER**

Margaret Szewczyk ("Szewczyk") filed a complaint alleging claims for sexual harassment, hostile work environment, disparate treatment, retaliation, aiding and abetting the discrimination and retaliation, ADEA, and FAPA.  Compl., ECF No. 1.  Maxon Precision Motors, Inc. ("Maxon Precision"), Christopher Blake ("Blake"), and Gregory Hayman moved to dismiss seven of the eleven claims.[1]  Defs.' Mem. Law Supp. Mot. Dismiss (Mot. Dismiss), ECF No. 20.  After a hearing on June 16, 2020, This Court allowed in part and denied in part the motion to

---

[1] On June 16, 2020, this Court dismissed the claims against individual defendant Hayman.  ECF No. 45.

[1]

dismiss. ECF No. 45. This Court took under advisement the motion to dismiss the aiding and abetting discrimination and retaliation claim as to Blake, and now ALLOWS it. Id.

Blake moved to dismiss the aiding and abetting discrimination and retaliation claim under M.G.L. c. 151B alleging that Szewczyk failed to name him in her complaint before the United States Equal Employment Opportunity Commission.[2] Mot. Dismiss 15-18.

> [A] failure to name a party as a respondent in a charge filed with the [Massachusetts Commission Against Discrimination] does not preclude a later civil action against that party if the conduct of the party was put in issue by the charge and the party had notice of and an opportunity to conciliate the charge.

Chatman v. Gentle Dental Ctr., 973 F. Supp. 228, 235 (D. Mass. 1997) (Lindsay, J.).

In the light best for Szewczyk, the most favorable conclusion this Court could reach is that Blake was indeed identified in materials appended to the charge and incorporated by reference. See Stewart v. Kuligowska, 28 F. Supp. 2d 690,

---

[2] Szewczyk filed her charge of discrimination before the Equal Employment Opportunity Commission. See Compl. ¶ 26; Mot. Dismiss, Ex. 1, Charge of discrimination ("EEOC/MCAD Charge"), ECF No. 20-1. Pursuant to the agencies administrative cooperation agreement, the charge is simultaneously filed with the Massachusetts Commission Against Discrimination. See Errichetti v. Massachusetts Water Resources Authority, 300 F. Supp. 2d 270, 272 n.2 (D. Mass. 2004) (Stearns, J.) ("Because of a Worksharing Agreement between Massachusetts and the federal government, a complainant may with a single filing initiate both state and federal proceedings.")

[2]

692 (D. Mass. 1998).  Szewczyk failed, however, to allege in her complaint that Blake "had notice of the [Massachusetts Commission Against Discrimination] Charge and an opportunity to conciliate."  See Chatman, 973 F. Supp. at 236.

At a motion to dismiss stage, this Court is limited to "the legal sufficiency of a plaintiff's claim to those facts alleged in the complaint and the inferences that may reasonably be drawn from those alleged facts."  Id.  It is not possible for this Court to reasonably infer that Blake had notice of and an opportunity to conciliate the charges against him at the Massachusetts Commission Against Discrimination.  The complaint is silent on this subject.  In this regard, the complaint only asserts that Szewczyk "has exhausted her administrative remedies," because she filed the administrative complaint with the United States Equal Employment Opportunity Commission, and a notice of right to sue the "Defendant" was issued.  Compl. ¶ 26.  "Defendant" is not a term defined in the complaint.  Maxon Precision is the only named respondent in the charge with the Massachusetts Commission Against Discrimination.  See EEOC/MCAD Charge.  The notice of right to sue only contains the following reference:

> cc:
> MAXON PRECISION MOTORS INC.
> 125 Dever Drive
> Tauton, MA 02780
> Attn. HR Director

Compl., Ex. A, Notice of Right to Sue ("Notice"), ECF No. 1-1.

If a copy of the administrative complaint was ever served on the respondent -- Maxon Precision --, this Court can only reasonably infer that it was served to the "HR Director," not to Blake as president of Maxon Precision.  Szewczyk did not allege in her complaint that Blake had the ability to participate in the administrative proceeding, was involved in the process or had an opportunity, whatsoever, to conciliate the claim prior to the civil suit.  See Mirabal v. Herb Chambers of Auburn, Inc., Civil Action No. 11-11047-JLT, 2012 U.S. Dist. LEXIS 32301, at *5 (D. Mass. Mar. 12, 2012) (Tauro, J.); Cf. Chapin v. University of Massachusetts, 977 F. Supp. 72, 77 (D. Mass. 1997) (Lindsey, J.) (sufficient notice when unnamed individual defendant was "significantly involved" in the administrative process).

Szewczyk's argument that her attorney's "demand letter" was a proper attempt to give Blake the opportunity to conciliate the claims is meritless.  See ECF No. 29.  Hagan's affidavit indicates that the "demand letter" was sent to "Eugen Elmiger, Karl-Walter Braun and Bruce Osterman."  See ECF No. 29-1.  This Court cannot reasonably infer that the demand letter gave notice or is a valid opportunity to conciliate with Blake when he is not even mentioned on it.

[4]

The motion to dismiss the aiding and abetting discrimination and retaliation under M.G.L. c. 151B claim as to defendant Blake is hereby **ALLOWED**.

**SO ORDERED.**

/s/ William G. Young
_____
WILLIAM G. YOUNG
DISTRICT JUDGE